30

Consumers' Counsel, Appellant, *v.* Public Utilities
Commission of Ohio et al., Appellees.

[Cite as Consumers' Counsel v. Pub. Util. Comm.
(1978), 55 Ohio St. 2d 30.]

(No. 77-1276—Decided July 5, 1978.)

32

*Mr. William A. Spratley,* for appellant.
*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnick,* and *Mr. Thomas L. Mumaw,* for appellee.
*Mr. Richard J. Giovanetti,* for intervening appellee.

*Per Curiam.* It must be stressed that the two types of proceedings under R.C. 4905.26 and 4909.16 are separate and distinct, and that the only questions before this court for review involve the denial of the requested hearing on the emergency application and the alleged failure of the commission to set standards and establish criteria to as-

sure residential consumers the same right to emergency rate relief enjoyed by utility companies in the recent past.[2]

Certainly, a dramatic decline in cost of service factors, the escalation of which dictated heretofore emergency rate relief to the utility companies, would justify emergency residential consumer relief present a timely application and absent an ongoing Public Utilities Commission inquiry. Since no such facts are alleged, we fail to perceive that the emergency action of the commission in the past dictates the emergency actions sought under the facts which were alleged and taken as true by the commission.

This is especially true when it is observed that the order appealed from in the instant cause was not an absolute denial of relief. By its express language, the commission's order indicated that other facts which may yet be uncovered in the course of its investigation may trigger emergency rate relief for these consumers, while other consumer allegations may broaden the scope of that inquiry. While the facts alleged and assumed argue for improvements in the quality of services, the appeal seems, at this point and on this record, to be grounded on an understandable excess of zeal by the Consumers' Counsel, rather than upon a demonstrated denial of a substantial right. Therefore, we hold that the order of the commission is not unreasonable or unlawful.

Accordingly, the order of the Public Utilities Commission is affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

[2] In the absence of a motion to dismiss by the commission we do not decide the question of whether the order before us is a final or appealable one under this record.